## Guerber v. Whitehead & Kales Co.

*William Schantz*, for petitioners.

*Alfred Williams, Jr.*, for respondent.

KOCH, P. J., January 3, 1967.—This proceeding in equity was instituted on August 30, 1966, by dissenting shareholders of Bethlehem Fabricators, Inc., a Pennsylvania corporation which, on May 1, 1966, became merged with Whitehead and Kales Company, a Michigan corporation. The petition was filed pursuant to the Act of May 5, 1933, P. L. 364, sec. 515, as amended November 10, 1959, P. L. 1406, sec. 1, 15 PS §2852-515 (F), a provision of the Business Corporation Law. In accordance with the prayer of the peti-

tion, we appointed appraisers to determine the fair value of the shares.

Respondent, Whitehead and Kales Company, has filed preliminary objections raising two basic questions for determination: (1) that, by virtue of the pertinent statutory provision, this court is without jurisdiction for the reason that venue is in the Court of Common Pleas of Philadelphia County, where the registered office of the surviving corporation is located, and (2) that the demand or petition for the determination of the fair value of the shares was not made or filed within the proper statutory time limit.

All parties agree that a shareholder of a business corporation who is unable to agree with the corporation on the fair value of his shares is obliged to pursue the remedy set forth in the Business Corporation Law, as amended, 15 PS §2852-515(F):

"A dissenting shareholder who is unable to agree with the corporation on the fair value of his shares may demand proceedings to value his shares at any time after sixty days and within ninety days after the date on which the plan became effective. Within thirty days after receipt of any such written demand, the corporation shall, or at its election at any time after sixty days and within ninety days after the effective date the corporation may, file a petition in the court of common pleas in the county in this State where the registered office of the corporation is located, praying that the fair value of such shares be found and determined. If in the case of a merger or consolidation, the surviving or new corporation is a foreign corporation without a registered office in this State, such petition shall be filed in the county where the registered office of the domestic corporation was last located, which county shall be deemed to be the county where the cause of action arose and all process shall be served upon such foreign corporation as pro-

vided in section 1011 of this act. If the corporation has not instituted the proceeding as herein provided, any dissenting shareholder may do so in the name of the corporation at any time within thirty days after the expiration of such ninety day period. All dissenting shareholders wherever residing shall be made by the corporation parties to the proceeding as an action against their shares quasi in rem. A copy of the petition shall be served on each dissenting shareholder who is a resident of this State and shall be served personally or by registered or certified mail on each dissenting shareholder who is a nonresident. The jurisdiction of the court shall be plenary and exclusive. . ."

The dissenting shareholders are limited to the rights and remedies provided above, and these rights and remedies are exclusive: 15 PS §2852-515 (K). In addition, the Act of March 21, 1806, P. L. 558, sec. 13, 46 PS §156, provides that where a remedy or method of procedure is provided by an act, its provisions shall be strictly pursued and exclusively applied. As a consequence of these enactments, equity is without jurisdiction, and the order which will be entered will provide for a transfer of this proceeding to the law side of the court: Pennsylvania Life Insurance Company v. Pennsylvania National Life Insurance Company, 417 Pa. 168.

It should be noted that respondent's preliminary objections have attached to them a certification of the Secretary of the Commonwealth that Whitehead and Kales Company secured a certificate of authority by a foreign business corporation on March 16, 1966, with registered office at 123 S. Broad Street, c/o C-T Corporation System, Philadelphia. The preliminary objections, having averred this fact not of record, were verified and endorsed with a notice to plead: Pennsylvania Rules of Civil Procedure 1024 and 1025. Since no answer was filed to the preliminary objec-

tions, the averment with respect to the registration in Philadelphia County must be taken as admitted: 2 Anderson Pa. Civ. Prac. 438, and cases cited therein.

The dissenting shareholders' petition avers that they are the combined owners of 565 shares of common stock of Bethlehem Fabricators, Inc., hereinafter referred to as "Bethlehem". On April 1, 1966, notice was given by the Board of Directors of Bethlehem to the shareholders that on April 13, 1966, a proposal would be submitted to approve a plan of merger of "Bethlehem" with Whitehead and Kales Company, a Michigan corporation. The agreement of merger was dated February 22, 1966.

On April 7, 1966, the dissenting shareholders filed with "Bethlehem" written objection to the merger, together with proxies voting against the proposed plan.

The plan of merger was approved on April 13, 1966, and, in accordance with the agreement (page 8), became effective May 1, 1966. On April 15, 1966, the dissenting shareholders filed written demand to pay to them the fair value of their shares upon surrender of the certificates.

The petition also avers that Whitehead and Kales Company and the dissenting shareholders have not been able to agree upon the fair value and that the surviving corporation has not filed a petition to determine the fair value.

We are of the opinion that respondent's contention concerning venue is well taken. The statutory remedy which the dissenting shareholders are obliged to follow clearly provides that the proceeding shall be brought in the court of common pleas where the registered office of the surviving corporation is located. Where a foreign corporation is *without a registered office in this State,* the petition shall be filed in the county

where the registered office of the domestic corporation was last located.

In Gerstell v. Allentown Portland Cement Company, 30 D. & C. 2d 223 (1963), 30 Lehigh 145, this court held that the venue in a dissenting shareholder proceeding is in the county of the registered office of the surviving corporation and that venue in the county of the last registered office of the former domestic corporation is an alternative *only* when the surviving corporation is a foreign corporation without a registered office in this State. It was held also that application by the dissenting shareholder, rather than the corporation, does not change the venue when the dissenting shareholder brings the action in the name of the corporation.

Petitioners' brief sets forth that on May 26, 1966, 26 days after the merger became effective, correspondence was received by them from the President of Whitehead and Kales Company on corporate stationery setting forth the corporate address as 58 Haltiner Street, Detroit 18, Mich. Moreover, the agreement of merger date of February 22, 1966, identifies Whitehead and Kales Company as a Michigan corporation. It is urged that since the letter and the agreement made no reference to the Pennsylvania registered office, the proceeding was properly instituted in Lehigh County. In advancing this proposition, there is no allegation that Whitehead and Kales Company made representations intended to deceive petitioners or in any way sought to conceal the fact that it became registered in Philadelphia County on March 16, 1966. Petitioners' assumption that there was no Pennsylvania registration when this action was instituted is understandable, but does not, in our view, alter the mandate of the venue provisions of the statute or our holding in Gerstell v. Allentown Portland Cement Company, supra.

Having determined that this action was improperly instituted in Lehigh County, it becomes unnecessary to dispose of respondent's contention that the petition was not filed within the statutory time limit.

## ORDER

Now, January 3, 1967, respondent's preliminary objection raising a question of venue is sustained, and it is ordered that the within petition be dismissed and the appointment of appraisers thereunder be vacated. It is further ordered that the within case be transferred to the law side of the court.